UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPER, N.A., <br>            Plaintiff, <br>    v. <br> EXPANDI INC., et al., <br>            Defendants. | Case No. 15-cv-04066 NC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** <br> Re: Dkt. No. 15 |

This case is about an alleged joint venture agreement between Pepper, N.A. and defendants NetPartnering, Expandi UK, and Expandi Inc. to secure a $12 million worldwide marketing project with Hewlett Packard in Palo Alto, California. Once defendants obtained the contract with HP, Pepper alleges that defendants unlawfully terminated Pepper from the project. Defendants now move to dismiss for lack of personal jurisdiction over the United Kingdom corporations, NetPartnering and Expandi UK, and for improper venue under the doctrine of forum non conveniens. The Court finds that defendants purposefully availed themselves of California's protections by engaging in a pitch and negotiations in Palo Alto, California. Additionally, the defendants have not met their burden to demonstrate that litigating in California is unreasonably burdensome, expensive, or inefficient. Thus, the Court DENIES defendants' motion to dismiss.

//

Case No. 15-cv-04066 NC

## I. BACKGROUND

### A. Parties

Plaintiff Pepper, N.A. ("Pepper") is a Delaware corporation, with its principal place of business in Chicago, Illinois. Dkt. No. 1, Compl. ¶ 1. Pepper does business as Iris Chicago and provides marketing services to a wide variety of corporate clients, including Hewlett Packard ("HP"). Compl. ¶ 17. HP is a Delaware corporation with its headquarters in Palo Alto, California. Compl. ¶ 11. Defendant NetPartnering Limited ("NetPartnering") is a foreign corporation organized under the laws of the United Kingdom with its principal place of business in London. Compl. ¶ 3. Defendant Expandi Limited ("Expandi UK") is a corporation organized under the laws of the United Kingdom. Compl. ¶ 4. Expandi UK is the parent corporation of NetPartnering. Compl. ¶ 4. Defendant Expandi Inc. is a California corporation with its principal place of business in Mountain View, California. Compl. ¶ 5. NetPartnering, Expandi UK, and Expandi Inc. are all marketing agencies with common officers, directors, and ownership that provide business-to-business marketing to technology companies worldwide. Compl. ¶ 16.

The complaint lists the following relevant additional individuals and entities: Janet Pretti, Frederic Leenhardt, Brennen Roberts, Erin Creaney Loftus, Zach Sharpe, Brittany Feldman. Janet Pretti is the Director of Expandi Inc. and North American Director of NetPartnering, and she resides in California. Compl. ¶ 5. Frederic Leenhardt is the NetPartnering Managing Director. Compl. ¶ 6. According to defendants, Leenhardt resided and worked in France. Dkt. No. 15, Leenhardt Decl. at ¶ 2. Brennen Roberts, Erin Creaney Loftus, Zach Sharpe, and Brittany Feldman are all Pepper employees and worked in Chicago. Compl. ¶¶ 7-10.

### B. Facts

In April 2014, defendants NetPartnering and Expandi UK contacted Pepper to engage in a pitch to HP for a worldwide marketing project. Compl. ¶¶ 19, 21. Defendants and Pepper Munich had a history of successful joint ventures. Compl. ¶ 37. The forecasted budget for the project was $12 million. Compl. ¶ 20. To prepare for the pitch,

Case No.15-cv-04066 NC         2

Pepper contributed over 200 hours of time, engaging four employees working in Chicago. Compl. ¶¶ 25, 37. To prepare, Creaney and Roberts participated in over twelve conference calls with Pretti. Compl. ¶ 37. From July 8 to July 10, 2014, Creaney traveled to Palo Alto to meet with HP. Compl. ¶ 37. Prior to the in-person pitch, defendants asked Creaney to participate in a presentation review meeting and practice session in California. Compl. ¶ 37.

On October 3, 2014, HP notified Pepper and defendants that they were awarded the project. Compl. ¶ 38. HP signed the contract with defendants in November 2014. Compl. ¶ 39. Shortly after, defendants terminated the alleged agreement with Pepper to work on the project together. Compl. ¶ 40. On February 25, 2015, Creaney notified HP that defendants had terminated Pepper. Compl. ¶ 43.

### C. Procedural History

On May 26, 2015, Pepper sued defendants in the Northern District of Illinois, 15-cv-4604. Compl. ¶ 14. The defendants moved to dismiss, arguing that the Court could not exercise personal jurisdiction and that venue was improper under the doctrine of forum non conveniens. Defendants argued that either the Northern District of California or the United Kingdom was a more appropriate forum than Illinois. The Illinois district court found that personal jurisdiction was proper, but dismissed the case on forum non conveniens grounds.

On September 5, 2015, Pepper filed this case in the Northern District of California. Dkt. No. 1. Pepper alleges the arrangement between the parties constituted a joint venture. Pepper now sues for (1) breach of joint venture agreement; (2) breach of fiduciary duty; (3) unjust enrichment; (4) promissory estoppel; (5) quantum meruit; and (6) violation of the California Unfair Competition Law.

Defendants move to dismiss based on lack of personal jurisdiction and forum non conveniens. Dkt. No. 15. All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 17, 18.

//

## II. DISCUSSION

### A. Res Judicata

Pepper argues that defendants are barred by the doctrine of res judicata or collateral estoppel from arguing that the Court lacks personal jurisdiction and that venue is improper because defendants made the same arguments and lost in the Illinois district court. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Here, res judicata is not the appropriate doctrine, as there was no final judgment on the merits of the Illinois action.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* Here, the Illinois district court found that defendants were subject to jurisdiction in Illinois, but that Illinois was not the proper forum under the doctrine of forum non conveniens. The Court finds that the Illinois holding was limited to personal jurisdiction and forum non conveniens in Illinois. Because defendants currently argue about the appropriateness of California as a forum, the Illinois decision does not preclude their arguments. Therefore, the Court finds the collateral estoppel argument unpersuasive and proceeds to consider defendants' motion to dismiss.

### B. Personal Jurisdiction

Defendants NetPartnering and Expandi UK argue that the Court lacks personal jurisdiction over them because they are UK limited foreign companies. These defendants assert that they are not domiciled in the United States and do no business in California.

Personal jurisdiction over a defendant is proper if it is permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat. Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996). The California long-arm requires compliance with due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). "The cornerstone of the due

Case No.15-cv-04066 NC                4

process inquiry is an analysis of the defendant's contacts with the selected forum." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168-69 (9th Cir. 2006).

A Court may exercise either general or specific jurisdiction over a defendant. General jurisdiction exists over a controversy unrelated to a defendant's contacts with the forum where a defendant's "continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945). A court may exercise specific jurisdiction where the suit "arises out of" or is related to the defendant's contacts with the forum and the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); Tuazon, 433 F.3d at 1169. Here, no party disputes that NetPartnering and Expandi UK do not have continuous contacts in California, so they cannot be subject to general jurisdiction in California. However, Pepper argues that defendants are subject to specific jurisdiction because the facts in this case arise out of defendants' actions in California in contracting with HP.

A court may exercise specific personal jurisdiction over a nonresident defendant if (1) the nonresident defendant purposefully directs his activities at the forum or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Generally, the plaintiff has the burden of establishing jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Under the specific jurisdiction test, if the plaintiff satisfies the first two elements, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.

Case No.15-cv-04066 NC                5

*Schwarzenegger*, 374 F.3d at 802. "[T]he court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The plaintiff "need only make a prima facie showing of personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2009). "Conflicts between the parties over statements contained in the affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

The first element of the specific jurisdiction test is satisfied by either "purposeful availment" or "purposeful direction" by the defendant. *Brayton Purcell LLP*, 606 F.3d at 1128. Under a purposeful availment analysis, "[a] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475. When the subject of the lawsuit is based in contract law, the Court can look to "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 479.

Here, the complaint alleges several claims related to a breach of contract, and one claim for fraudulent business practices. Dkt. No. 1. Defendants argue that Pepper's claims require this Court to consider all of the prior dealings between Pepper Munich and defendants, so all of the necessary information is in Europe. However, the complaint states that Pepper's claims are based on the interactions between the parties in preparation for a pitch to HP in Palo Alto, California. Specifically, Pepper seeks damages for reimbursement of time spent on the HP pitch, money spent traveling to and preparing in Palo Alto, and damages related to the contract between HP and defendants. Only Pepper's first cause of action, for breach of a joint venture agreement, relies on past dealings between the parties in Europe. From the allegations in the complaint, the claims are

1    related to those activities that led to the contract between defendants and HP in California.

2        The Court finds that defendants purposefully availed themselves of California laws
3    in conducting business in California with HP. When defendants traveled to California to
4    pitch business to HP, they intended to enter into business negotiations, and ultimately a
5    contract in the United States. Additionally, defendants increased the staff of Expandi Inc.
6    after concluding the contract, hiring additional employees for their California-based
7    business. In this initial business interaction, Pepper NA, defendants, and HP all engaged in
8    business activities that were subject to the protection of California laws concerning the
9    negotiation and signing of a business contract. Put differently, on the same set of facts,
10   defendants could reasonably anticipate that they could be hailed into court in California for
11   a breach of the contract with HP. Thus, the Court finds that Pepper has satisfied the first
12   and second elements of the specific jurisdiction analysis. Because the subject of the
13   lawsuit is a business interaction based in California, the Court finds that defendants have
14   not demonstrated that the exercise of jurisdiction is unreasonable. Thus, the Court
15   DENIES defendants' motion to dismiss for lack of personal jurisdiction.

16       **C.   Forum Non Conveniens**

17       All defendants argue that California is not the appropriate forum because litigation
18   in California is too burdensome. A party seeking dismissal of an action on forum non
19   conveniens grounds "must show two things: (1) the existence of an adequate alternative
20   forum, and (2) that the balance of private and public interest factors favors dismissal."
21   *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009).
22   Here, defendants argue that the United Kingdom is an adequate alternative forum, and that
23   the statute of limitations has not run in the United Kingdom. Dkt. No. 15 at 13.

24       The private interest factors to be weighed in a forum non conveniens inquiry are:
25   (1) the residence of the parties and the witnesses; (2) the forum's convenience to the
26   litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling
27   witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the
28   enforceability of the judgment; and (7) all other practical problems that make trial of a case

Case No.15-cv-04066 NC                7

easy, expeditious and inexpensive. *Boston Telecommunications Group, Inc. v. Woods*, 588 F.3d 1201, 1206-07 (9th Cir. 2009). "[W]e have cautioned that the focus for this private interest analysis should not rest on the number of witnesses in each locale but rather the court should evaluate the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Id.* at 1209.

Here, defendants argue that only one relevant witness, Pretti, is in California. Dkt. No. 15 at 14. According to defendants, all other relevant witnesses are in Europe. *Id.* This is not only inconvenient, but also makes issuing a subpoena difficult. *Id.* Additionally, defendants argue, "any judgment rendered by the Court would be essentially ineffective as none of the defendants have any property or bank accounts in California." *Id.* Defendants' version of the relevant events emphasizes past dealings between Pepper Munich and the foreign defendants. However, the complaint does not rely extensively on such past dealings, and these interactions are only mentioned in relationship to the first claim for breach of a joint venture agreement. In the complaint, only one individual is mentioned who resides in Europe, Frederic Leenhardt.

The public interest factors are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. Tuazon, 433 F.3d at 1181. Defendants do not address the public interest factors, except in arguing that California is not the most convenient forum. Here, the complaint is brought under California law regarding a pitch, negotiations, and contract that occurred in California. One of the defendants is a California corporation. California courts have noted that the state has a "significant interest in providing a forum for those harmed by the actions of its corporate citizens." *Stangvik v. Shiley Inc.*, 54 Cal.3d 744, 756 n.10 (1991); *see also Morris v. AGFA Corp.*, 144 Cal. App. 4th 1452, 1465 (2006) (noting that in California, a "corporate defendant's state of incorporation and principal place of business is presumptively a convenient forum").

1   The doctrine of forum non conveniens is "an exceptional tool to be employed sparingly," and not a "doctrine that compels plaintiffs to choose the optimal forum for their claim." *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). "The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal." *Carijano v. Occidental Petroleum Corp.*, 683 F.3d 1216, 1224 (9th Cir. 2011). Any court will "necessarily face some difficulty in securing evidence from abroad, but these complications do not necessarily justify dismissal." *Tuazon*, 433 F.3d at 1181.

The Court has reviewed the defendants' arguments and finds that California is an appropriate forum for many of the same reasons that personal jurisdiction is satisfied. First, the Court is not persuaded that the litigation actually centers on events that occurred in Europe. Second, defendants purposefully availed themselves of the protections of California law, and thus the public interest factors weigh in favor of adjudicating this case in California. Additionally, defendants argued in the district court in Illinois that California was a more appropriate forum. Finally, dismissal of a case based on the doctrine of forum non conveniens is an exceptional tool, and defendants have not demonstrated that litigation in California is burdensome, expensive, or impractical. Defendants have not stated with specificity who they would seek to depose, the relevance of those witnesses to the litigation, the inefficiency of litigating the case in the United States, or the actual cost to the defendants. The Court will not dismiss the case based on speculation that the litigation could be burdensome, or because defendants prefer to litigate the case in the United Kingdom. Thus, the Court DENIES defendants' motion to dismiss based on improper venue, or forum non conveniens.

### III. CONCLUSION

The Court finds that NetPartnering and Expandi UK purposefully availed themselves of California's jurisdiction by traveling to California to engage in a pitch with HP, in coordination with Pepper. Additionally, the Court is not persuaded that the balance of private and public factors weigh favors dismissal for improper venue.

/

1    Thus, defendants' motion to dismiss is DENIED. Defendants must answer the
2 complaint within 14 days. Fed. R. Civ. P. 12(a)(4)(A). A case management conference is
3 scheduled for December 9 at 10:00 a.m. The parties must submit a case management
4 statement by December 2, 2015, which should include a proposed case schedule.

5    **IT IS SO ORDERED.**

7 Dated: November 30, 2015                    _____
                                              NATHANAEL M. COUSINS
8                                             United States Magistrate Judge