United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPER, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPANDI, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-04066 NC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 46 |

This case is about an alleged joint venture agreement between Pepper, N.A. and defendants NetPartnering, Expandi UK, and Expandi Inc. to secure a $12 million worldwide marketing project with Hewlett Packard. The parties participated in a pitch to HP to receive this business, and after defendants won the contract, they removed Pepper from the project. Pepper sues for breach of a joint venture agreement, equitable remedies, and under the California Unfair Business Practices Act. Defendants move for summary judgment, arguing primarily that no joint venture agreement was formed. The Court concludes that drawing all inferences in favor of Pepper, a reasonable jury could find that the parties shared in the profits or losses from obtaining the contract with HP. Additionally, the Court finds that Pepper presented sufficient facts that a jury could find unjust enrichment, promissory estoppel, quantum meruit, and an unfair business practice. Thus, the Court DENIES defendants' motion for summary judgment

Case No. 15-cv-04066 NC

## I. BACKGROUND

Plaintiff Pepper, N.A. ("Pepper") does business as Iris Chicago and provides marketing services to a wide variety of corporate clients, including Hewlett Packard ("HP"). Defendant NetPartnering Limited ("NetPartnering") is a foreign corporation organized under the laws of the United Kingdom, and defendant Expandi Limited ("Expandi UK") is its parent company. Defendant Expandi Inc. is a California corporation with its principal place of business in Mountain View, California. NetPartnering, Expandi UK, and Expandi Inc. are all marketing agencies with common officers, directors, and ownership that provide business-to-business marketing to technology companies worldwide.

In April 2014, defendants received an invitation from HP to pitch to HP a global marketing project, with an expected value of $12 million. Defendants contacted Pepper and two other companies to collaborate on the pitch for the purpose of winning the contract. While preparing for the pitch, Pepper attempted several times to enter into a formalized agreement with defendants for the division of labor, profits, and management if they should be awarded the contract. *See* Dkt. No. 46-5 (email exchange between the parties); Dkt. No. 46-7 (Letter of Intent). Defendants avoided discussing specific details about the project and instead encouraged Pepper to focus on winning the bid. Dkt. No. 46-5. However, in the pitch to HP, the parties held themselves out to HP as a partnership, as evidenced in their power point presentation slides. Dkt. No. 48 at Exh. A. Defendants used Pepper's name, reputation, and relationship with HP as a tool to convince HP to award the contract to defendants. Dkt. No. 48 at Exh. F (email from Janet Pretti, an agent of Expandi Limited). After defendants were awarded the contract, defendants removed Pepper from any role in the project.[1]

---

[1] The parties have each made a number of evidentiary objections to the briefs. Dkt. Nos. 49, 51. At the hearing, Pepper proffered that it was withdrawing the declaration of Markus Dunz, dkt. no. 48 at Exh. B. The Court also ordered Pepper to submit a declaration authenticating documents attached to its opposition, and Pepper did so. Dkt. Nos. 53, 54. The Court finds the authentication proper, and denies as moot all other objections, as the Court does not rely on the objected evidence in this order.

Case No.15-cv-04066 NC         2

1   Pepper argues that it entered into a joint venture with defendants, and that
2   defendants breached the joint venture agreement by removing Pepper from the project.
3   Pepper also brings claims of unjust enrichment, quantum meruit, and unfair business
4   practices under a theory of fraud. Defendants move for summary judgment on all causes
5   of action. The Court held a hearing on the motion on April 20, 2016.

6   All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 17,
7   18.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

//

## III. DISCUSSION

Defendants move for summary judgment on plaintiff's causes of action: (A) joint venture; (B) unjust enrichment; (C) promissory estoppel; (D) quantum meruit; and (E) California Unfair Business Practices. Defendants separately move for summary judgment as to Expandi Limited. The Court addresses each cause of action in turn.

### A. Joint Venture

The elements necessary to create a joint venture are: "(1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control." *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 819 (1983). "Whether a joint venture actually exists depends on the intention of the parties . . . Where evidence is in dispute the existence or nonexistence of a joint venture is a question of fact to be determined by the jury." *Unruh-Haxton v. Regents of University of California*, 162 Cal. App. 4th 343, 370 (2008). "The law requires little formality in the creation of a joint venture and the agreement is not invalid because it may be indefinite with respect to its details." *Boyd v. Bevilacqua*, 247 Cal. App. 2d 272, 285 (1996).

"An essential element of a partnership or joint venture is the right of joint participation in the management and control of the business. Absent such right, the mere fact that one party is to receive benefits in consideration of services rendered or for capital contribution does not, as a matter of law, make him a partner or joint venturer." *Simmons v. Ware*, 213 Cal. App. 4th 1035, 1053 (2013).

Here, the parties do not dispute that they had a joint interest in a common business, the marketing contract with HP.

Second, Pepper has provided evidence that the parties would jointly pitch to HP for the contract, sharing in the profits or losses of that contract. Defendants did not offer to pay Pepper for its consulting services if defendants lost the bid for the HP contract. Rather, by attending the pitch together, the parties understood that they would share in the profits of the contract if they were awarded it, or in the loss of the contract, if they were not awarded it. Shortly before the presentation, Frederic Leenhardt of NetPartnering and

1  Expandi Limited stated in an email to Pepper representatives, "I understand there are a lot
2  of unknown which is not helping in our discussion. Hopefully we will, first win, and then
3  we can have a more clear discussion on our collaboration." Dkt. No. 46-5 at 1. On the one
4  hand, the parties did not enter into an explicit agreement because defendants rejected
5  Pepper's vendor agreement proposal. Dkt. No. 46-5. On the other hand, a reasonable jury
6  could infer from the facts presented that Pepper assumed the risk that it would lose
7  valuable time and money if the parties did not win the bid with HP. Thus, drawing all
8  inferences in favor of Pepper, a reasonable jury could find that the parties would share in
9  the profits and losses of the pitch and ultimate contract with HP.

10  Third, the evidence demonstrates that Pepper and Expandi had different areas of
11  expertise, so Pepper and defendants would presumably control different aspects of the HP
12  contract. In an email from June 30, 2014, Janet Pretti noted that the parties would pitch to
13  HP that Pepper had particular expertise in creation and transcreation. Dkt. No. 48-2. In
14  the power point presentation slides from the HP pitch, some slides related exclusively to
15  Pepper's capabilities, and some to the project as a whole. Dkt. No. 48 at Exh. A.
16  Additionally, it appears that the entire slide deck was reviewed by both parties and
17  developed as part of a collaborative process. Thus, drawing all inferences in favor of
18  Pepper, a reasonable jury could find that Pepper had a right to control the joint venture.
19  The defendants' motion as to this claim is DENIED.

20  **B.   Unjust Enrichment**

21  In California, unjust enrichment is not a standalone cause of action, but rather is a
22  form of restitution. *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350 (2010). However,
23  a claim for unjust enrichment "describe[s] the theory underlying a claim that a defendant
24  has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"
25  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting 55 Cal.
26  Jur. 3d Restitution § 2). Thus, "[w]hen a plaintiff alleges unjust enrichment, a court may
27  construe the cause of action as a quasi-contract claim seeking restitution." *Id.*; *see also*
28  *Khasin v. R. C. Bigelow, Inc.*, No. 12-cv-02204 WHO, 2015 WL 4104868, at *2 (N.D. Cal.

Case No.15-cv-04066 NC                5

1  July 7, 2015) (finding a cause of action of unjust enrichment proper when construed as a
2  quasi-contract claim).

3  Here, Pepper has presented evidence that defendants were conferred the benefit of winning the HP contract and the monetary and reputational benefit associated with the contract. Pepper argues that the benefit was unjustly conferred because defendants presented themselves to HP and to Pepper as being in a partnership with Pepper. Pepper states that it expended over 250 hours of work and its reputation with HP without any compensation from defendants. Dkt. No. 48 at 15. Pepper provides evidence that it exerted time and effort to win the contract, but did not reap the benefit of the contract. *See* 48-3, Exh. E (Pepper's billing time sheets).

The Court concludes that a reasonable jury could find that defendants were unjustly enriched by Pepper's work, so the defendants' motion as to this claim is DENIED.

### C. Promissory Estoppel

Under California law, a cause of action for promissory estoppel requires that plaintiff show "(1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" *Poway Royal Mobilehome Owners Ass'n v. City of Poway*, 149 Cal. App. 4th 1460, 1471 (2007) (quoting *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004)).

Here, Pepper argues that defendants promised when presenting to HP and in prior communications that Pepper would share in the profits if the parties won the pitch with HP. Dkt. No. 48 at 21; Pretti Dep. at 23. In reliance on the promise, Pepper devoted hours of work to prepare for the pitch, and that Pepper incurred damages by expending money and time without reaping the benefits of defendants' promise to share in the profits. The Court finds that drawing all inferences in favor of Pepper, a reasonable juror could find that defendants made a promise to share in a joint venture with Pepper and that Pepper was harmed in its reliance on that promise. Defendants' motion as to this claim is DENIED.

//

### D. Quantum Meruit

A claim for quantum meruit requires "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Medical Center v. Mid-West National Life Insurance Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000). Damages are determined by the "reasonable value of beneficial services." *Maglica v. Maglica*, 66 Cal. App. 4th 442, 450 (1998).

Here, Pepper presents evidence that it spent over 250 hours of work in preparing for the pitch to HP, and business expenses in making the trip to Palo Alto, California. Under defendants' theory of the case that Pepper was a vendor or a contractor, a reasonable juror could find that Pepper's services were rendered at defendants' request. In addition, after defendants rejected Pepper's proposed contract, defendants stated that "Now it has been announced to HP, it will not look professional from any side if you are not coming to the pitch." Dkt. No. 46-5 at 2. In the same communication, Leenhardt stated that if Pepper does not judge the business opportunity worthwhile, then defendants would reimburse the travel cost. *Id.*

From this evidence, the Court concludes that if no joint venture was formed, a reasonable juror could find that Pepper performed services for defendants which are unpaid. Defendants' motion as to this claim is DENIED.

### E. California Unfair Business Practices

The California Unfair Business Practices Act prohibits the use of any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An unlawful act "is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law." *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007). A practice is unfair if it offends an established public policy or when the practice is immoral, oppressive, unscrupulous, or substantially injurious to consumers. *Wolfe v. State Farm Fire & Casualty Ins. Co.*, 46 Cal. App. 4th 554 (1966). Pepper presents a number of theories under which defendants' actions violate the act.

Case No.15-cv-04066 NC                 7

However, the Court need not address those arguments because it has determined above that a reasonable jury could find that defendants breached a joint venture agreement, or are liable under the theories of unjust enrichment, promissory estoppel, and quantum meruit. Thus, defendants' motion for summary judgment as to this claim is DENIED.

### F. Expandi Limited

In a brief paragraph, Expandi Limited argues that Pepper has produced no evidence of liability for Expandi Limited. Dkt. No. 46 at 21. At the hearing, Pepper responded that the complaint alleges that Leenhardt acts on behalf of both Expandi Limited and NetPartnering, and that defendants admitted this fact in their answer. Upon review, the answer states, "responding parties admit FREDERIC LEENHARDT ("Leenhart") [sic] is the NetPartnering Managing Director and Expandi Group Board Member." Dkt. No. 33 ¶ 6. Thus, the Court interprets Pepper's presentation of evidence above to apply to both the NetPartnering and Expandi Limited entities. Defendants' motion for summary judgment as to Expandi Limited is DENIED.

## IV. CONCLUSION

The defendants' motion for summary judgment is DENIED. The Court has already issued a pretrial preparation order setting further deadlines in the case. The parties have represented that they are in settlement discussions. The parties are cautioned that the Court intends to proceed with trial until the parties file a notice of dismissal of the case.

**IT IS SO ORDERED.**

Dated: April 22, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge