UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPER, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>EXPANDI, INC., et al.,<br><br>    Defendants. | Case No.15-cv-04066-NC<br><br>**ORDER REQUIRING THE PERSONAL APPEARANCE OF ALL WITNESSES AT TRIAL** |

A pretrial conference is set in this case on May 11, 2016, and trial is set on May 16, 2016. In its motions in limine, defendants seek to permit the video or telephonic testimony of several witnesses. Dkt. No. 67. Plaintiff opposes the request. Dkt. No. 61.

Federal Rule of Civil Procedure 43(a) provides that "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The commentary to the rule elaborates that "By itself, travel inconvenience generally does not constitute good cause and compelling circumstances for permitting transmitted testimony." Additionally, the Advisory Committee Notes to the 1996 Amendments contain the following advice:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. . . . The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for

Case No. 15-cv-04066-NC

> unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . . A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

*Accord Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009). In *Palmer*, the Ninth Circuit affirmed a district court's decision to deny a motion to permit telephonic testimony and noted that it is within the district court's discretion to decide how a witness may appear at trial. *Id.*

Here, defendants ask the Court to permit contemporaneous transmission testimony for the first time one week before the pretrial conference. The defendants proffer two reasons why the Court should allow the witnesses not to appear in person.

First, defendants seek to allow Raffaele Apostoliti to testify remotely because Apostoliti's son was born prematurely and suffers from several serious health conditions. Plaintiff proffers that Apostoliti is necessary for authentication of certain emails. Dkt. No. 61 at 4. Plaintiff is willing to stipulate with defendants as to the authenticity of the documents, in which case, Apostoliti will not be a necessary witness for trial. *Id.* Plaintiff also argues that defendants were aware that the birth of Apostoliti's child would conflict with the trial date, and so defendants could have notified plaintiff and the court earlier. *Id.* Here, although defendants present a compelling reason why Apostiliti cannot travel for trial, defendants could have reasonably foreseen these circumstances and there are other alternatives to having contemporaneous transmissions.

Second, defendants seek to allow Guglielmo Fittante, Catherine Guys, and Michaela Shulenberg to testify remotely because "Each of these witnesses is a resident of Europe. It does not make sense to require them to travel to California to provide brief testimony." Dkt. No. 67 at 3. The Court finds that this is not a compelling reason and that no good cause has been demonstrated to permit contemporaneous testimony of these individuals.

If the parties seek to have these individuals testify at trial, they must appear in person. Alternatively, the parties may stipulate to facts or the authentication of documents

Case No. 15-cv-04066-NC                              2

1  and remove the need for these witnesses to travel.  The parties' further proposal of
2  stipulated facts and authenticity of documents is due Friday, May 6 at 12:00 p.m.  *See*
3  Court's order to show cause, dkt. no. 58.

5  **IT IS SO ORDERED.**

7  Dated:  May 5, 2016                                    _____
                                                          NATHANAEL M. COUSINS
8                                                         United States Magistrate Judge