UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEPPER, N.A.,

    Plaintiff,

    v.

EXPANDI, INC., and NETPARTNERING LIMITED,

    Defendants.

Case No.15-cv-04066 NC

**JOINT VENTURE AND UNFAIR BUSINESS PRACTICES JURY INSTRUCTIONS**

The Court provides rulings on the jury instructions for the joint venture and unfair business practices act claims to aid the parties in preparation for trial. The Court will issue a full set of jury instructions before they are read to the jury at the close of trial. The Court will instruct the jury that liability must be determined as to each defendant, but the Court will not duplicate instructions. The verdict form will ask the jury to assess liability for each defendant on each claim.

## JOINT VENTURE

Each of the members of a joint venture, and the joint venture itself, are responsible for the wrongful conduct of a member acting in furtherance of the joint venture.

You must decide whether a joint venture was created in this case. A joint venture exists if all of the following have been proved:

1. Two or more persons or business entities combine their property, skill, or knowledge with the intent to carry out a single business undertaking;

Case No. 15-cv-04066-NC

2. Each has an ownership interest in the business;

3. They have joint control over the business, even if they agree to delegate control; and

4. They agree to share the profits and losses of the business.

A joint venture can be formed by a written or an oral agreement or by an agreement implied by the parties' conduct.

**Note:** CACI 3712. The Court finds that the model jury instructions do not need modification. The Court also determines that the joint venture instruction covers the formation of a joint venture agreement, thus no separate instruction on formation of a contract is necessary.

## BREACH OF CONTRACT- INTRODUCTION

Plaintiff claims that it and defendants entered into a contract for a joint venture agreement to pitch and then provide services to Hewlett Packard.

Plaintiff claims that defendants breached this contract by not allowing plaintiff to continue providing service to Hewlett Packard and not paying for all of the services that it did perform.

Plaintiff also claims that each defendant's breach of this contract caused harm to plaintiff for which defendants should pay.

Defendants deny that they entered into an agreement with plaintiff, that they breached the agreement, and that they caused plaintiff harm.

**Note:** This is a modification of CACI 300. Neither party submitted a proposed instruction that tracked the model instruction, so the Court inserted the parties' arguments as the Court understands them.

## BREACH OF CONTRACT- ESSENTIAL FACTUAL ELEMENTS

To recover damages from defendants for breach of the joint venture agreement, plaintiff must prove all of the following:

1. That plaintiff and defendants entered into a joint venture agreement;

2. That plaintiff did all, or substantially all, of the significant things that the joint

Case No. 15-cv-04066 NC                              2

1       venture agreement required it to do;
2    3. That all conditions required by the contract for the defendants' performance
3       were completed;
4    4. That defendants failed to do something that the contract required them to do.
5    5. That plaintiff was harmed by defendants' breach of the joint venture agreement.

**Note:** This is modification of CACI 303.  Neither party submitted a proposed instruction that incorporated the relevant facts into this jury instruction.  The Court expects this instruction to be modified as trial progresses.

## UNFAIR BUSINESS PRACTICES ACT

Plaintiff claims that defendants engaged in an unlawful, unfair, or fraudulent business act or practice.

To prove that defendants engaged in an unlawful business act, plaintiff must point to an act or practice, committed pursuant to business activity, that is forbidden by law.

To prove that defendants' engaged in a fraudulent business act, plaintiff must prove the defendants' actions were fraudulent.

Plaintiff claims that defendants' acts were unlawful because they interfered with plaintiff's prospective economic advantage, were unjustly enriched by plaintiff's work, and breached their fiduciary duty.  Plaintiff also claims that defendants acts were fraudulent.

**Note:** The first sentence tracks the language in § 17200.  The second sentence follows the Court's findings in *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1107 (9th Cir. 2007)(An unlawful act "is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law").  Plaintiff does not appear to be asserting that defendants' actions are unfair under § 17200, so that instruction has not been included.  *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999)("When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as

Case No. 15-cv-04066 NC             3

1  a violation of the law, or otherwise significantly threatens or harms competition.").

## NEGLIGENT INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

Plaintiff claims that the defendants negligently interfered with a relationship between plaintiff and Hewlett Packard that probably would have resulted in an economic benefit to plaintiff. To establish this claim, plaintiff must prove all of the following:

1. That plaintiff and Hewlett Packard were in an economic relationship that probably would have resulted in an economic benefit to the plaintiff;
2. The defendants knew or should have known of these relationships;
3. The defendants failed to act with reasonable care;
4. The defendants engaged in wrongful conduct;
5. The relationships were disrupted;
6. Plaintiff was harmed;
7. The defendants' wrongful conduct was a substantial factor in causing plaintiff's harm.

**Note:** CACI 2204. The jury instructions in CACI 2204 require the grounds for wrongfulness (in element 4), such as breach of contract, misrepresentation, or fraud. Plaintiff's proposed jury instruction does not include the grounds for wrongfulness. This jury instruction will be edited before the end of trial to reflect plaintiff's assertion of wrongfulness. The Court will not give the jury instruction on negligence, CACI 401, that plaintiff proposes because it is redundant and confusing.

## FRAUD/INTENTIONAL MISREPRESENTATION

Plaintiff claims that defendants made a false representation that harmed it. To establish this claim, plaintiff must prove all of the following:

1. That defendants represented to plaintiff that a fact was true;
2. That defendants' representation was false;
3. That defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;

Case No. 15-cv-04066 NC                        4

4. That defendants intended that plaintiff rely on the representation;

5. That plaintiff reasonably relied on defendants' representation;

6. That plaintiff was harmed; and

7. That plaintiff's reliance on defendants' representation was a substantial factor in causing its harm.

**Note:** This instruction follows CACI 1900 for intentional misrepresentation. Plaintiff's citation to § 17204 is incorrect, as that section only applies to actions taken by the government, not private entities.

**IT IS SO ORDERED.**

Dated: May 13, 2016         _____
                            NATHANAEL M. COUSINS
                            United States Magistrate Judge

Case No. 15-cv-04066 NC              5