UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEPPER, N.A.,<br><br>   Plaintiff,<br><br>   v.<br><br>EXPANDI, INC., NETPARTNERING LIMITED, EXPANDI LIMITED,<br><br>   Defendants. | Case No. 15-cv-04066 NC<br><br>**[DRAFT] FINAL JURY INSTRUCTIONS** |

## I.   Introduction

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Case No. 15-cv-04066 NC

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II. Burden of Proof

### A. Preponderance of the Evidence

Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the stipulated facts and the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

### B. Clear and Convincing Evidence

Clear and convincing evidence is a stricter standard of proof than proof by a preponderance of the evidence. To establish proof by clear and convincing evidence means to prove something that is highly probable, reasonably certain, and free from serious doubt.

## III. Evidence

### A. Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

### B. Things You May Not Consider

In reaching your verdict, you may consider only the testimony and exhibits received

into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### C. Taking Notes

You may have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### D. Stipulations of Fact

The parties have agreed to certain facts that have been read to you. You should therefore treat these facts as having been proved.

### E. Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. You may have heard these charts and summaries referred to as "demonstratives" or "demonstrative evidence." They are not themselves evidence or proof of any facts. If they

do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### F. Types of Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. For example, direct evidence that it was raining would be a photo showing that it was raining on a given day. Circumstantial evidence is proof of one or more facts from which you could find another fact. For example, circumstantial evidence that it was raining would be testimony of a witness who said they believed it was raining, not because they saw the rain, but because they saw a person entering the building with a wet umbrella. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give, if any, to any evidence.

### G. Use of Interrogatories of a Party

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### H. Use of Request for Admission of a Party

Before trial, each party has the right to ask another party to admit in writing that certain facts are true. If the other party admits those facts, you must accept them as true and conclusively proved in this case.

### I. Willful Suppression of Evidence

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

Case No. 15-cv-04066 NC            4

### J. The Court's Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been or what the document might have said. My rulings are not intended to influence your decision. Your decisions must be based entirely on the testimony and documents received into evidence.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### K. Bench Conferences and Recesses

From time to time during the trial, it may have been necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

I may not have always granted an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## IV. Witnesses

### A. Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

Case No. 15-cv-04066 NC                5

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### B.   Impeachment Evidence

The evidence that a witness lied under oath or gave different or inconsistent testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much, if any, weight to give to that witness's testimony.

### C.   Deposition Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded by written transcript and sometimes video recording. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If testimony is read, rather than played back from a recording, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

You will be hearing or viewing only a portion, or series of portions, of the depositions taken by the parties in this case. Do not make any inferences about the fact

that you are not hearing or seeing the deposition in its entirety or that what you are hearing or viewing has been edited.

## V. The Parties

### A. Multiple Defendants

You should decide the case and come with a verdict as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

### B. Liability of Corporations

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## VI. Plaintiff's Breach of Joint Venture Agreement Claim

### A. Joint Venture Formation

Each of the members of a joint venture, and the joint venture itself, are responsible for the wrongful conduct of a member acting in furtherance of the joint venture.

You must decide whether a joint venture was created in this case. A joint venture exists if all of the following have been proved:

1. Two or more persons or business entities combine their property, skill, or knowledge with the intent to carry out a single business undertaking;
2. Each has an ownership interest in the business;
3. They have joint control over the business, even if they agree to delegate control; and
4. They agree to share the profits and losses of the business.

A joint venture can be formed by a written or an oral agreement or by an agreement implied by the parties' conduct.

### B. Breach of Joint Venture Agreement

Plaintiff claims that it and NetPartnering entered into a contract for a joint venture agreement to pitch and then provide services to Hewlett Packard.

Plaintiff claims that NetPartnering breached this contract by not allowing plaintiff to continue providing service to Hewlett Packard and not paying for all of the services that it did perform.

Plaintiff also claims that NetPartnering's breach of this contract caused harm to plaintiff for which NetPartnering should pay.

NetPartnering denies that it entered into an agreement with plaintiff, that it breached the agreement, and that it caused plaintiff harm.

To recover damages from NetPartnering for breach of the joint venture agreement, plaintiff must prove all of the following:

1. That plaintiff and NetPartnering entered into a joint venture agreement;
2. That plaintiff did all, or substantially all, of the significant things that the joint venture agreement required it to do;
3. That all conditions required by the contract for the NetPartnering's performance were completed;
4. That NetPartnering failed to do something that the contract required them to do.
5. That plaintiff was harmed by NetPartnering's breach of the joint venture agreement.

## VII. Plaintiff's Breach of Fiduciary Duty Claim

### A. Fiduciary Duty Generally

A joint venture creates what is known as a fiduciary duty between the partners in the joint venture. A fiduciary duty imposes on a joint venturer a duty to act with the utmost good faith in the best interests of its partner.

### B. Failure to Use Reasonable Care

Plaintiff claims that it was harmed by NetPartnering's breach of the fiduciary duty to use reasonable care. To establish this claim, plaintiff must prove all of the following:

1. That NetParterning was plaintiff's joint venturer;
2. That plaintiff acted on NetParterning's behalf for purposes of securing project with Hewlett Packard;
3. That NetParterning failed to act as a reasonably careful joint venturer would have acted under the same or similar circumstances;
4. That plaintiff was harmed; and
5. That NetParterning's conduct was a substantial factor in causing plaintiff's harm.

### C. Duty of Undivided Loyalty

Plaintiff claims that it was harmed by NetPartnering Ltd.'s breach of the fiduciary duty of loyalty. A joint venturer owes its partner undivided loyalty. To establish this claim, plaintiff must prove all of the following:

1. That there was a joint venture agreement;
2. That NetParterning was plaintiff's partner in the joint venture;
3. That NetPartnering breached a duty of loyalty towards plaintiff;
4. That NetPartnering terminated their joint venture with plaintiff;
5. That NetPartnering knowingly acted against plaintiff's interests in connection with its dealing with Hewlett Packard;
6. That NetPartnering acted in a manner that which is illegal, oppressive, and fraudulent by terminating the joint venture;
7. That plaintiff did not give informed consent to NetPartnering's conduct;
8. That plaintiff was harmed; and
9. That NetPartnering's conduct was a substantial factor in causing plaintiff's harm.

## VIII. Plaintiff's Promissory Estoppel Claim

Plaintiff claims that it detrimentally relied on a promise made by defendants. To establish this claim, plaintiff must prove:

1. Defendants made a clear promise to plaintiff;

Case No. 15-cv-04066 NC 9

2. Plaintiff relied on that promise;

3. Plaintiff's reliance on that promise caused it substantial detriment. In other words, plaintiff was substantially harmed by relying on defendants' promise; and

4. Plaintiff suffered damages.

## IX. Plaintiff's Common Count Claim

Plaintiff claims that defendants owe it money for services rendered. To establish this claim, plaintiff must prove all of the following:

1. That defendants requested, by words or conduct, that plaintiff perform services for the benefit of defendants;

2. That plaintiff performed the services as requested;

3. That defendants have not paid plaintiff for the services; and

4. The reasonable value of the services that were provided.

## X. Plaintiff's Unfair Competition Claim

### A. Unfair Business Practices Act

Plaintiff claims that defendants engaged in an unlawful, unfair, or fraudulent business act or practice.

To prove that defendants engaged in an unlawful business act, plaintiff must point to an act or practice, committed pursuant to business activity, that is forbidden by law.

To prove that defendants' engaged in a fraudulent business act, plaintiff must prove the defendants' actions were fraudulent.

Plaintiff claims that defendants' acts were unlawful because they interfered with plaintiff's prospective economic advantage, were unjustly enriched by plaintiff's work, and breached their fiduciary duty. Plaintiff also claims that defendants acts were fraudulent.

#### 1. Negligent Interference with Prospective Economic Advantage

Plaintiff claims that the defendants negligently interfered with a relationship between plaintiff and Hewlett Packard that probably would have resulted in an economic benefit to plaintiff. To establish this allegation, plaintiff must prove all of the following:

1. That plaintiff and Hewlett Packard were in an economic relationship that probably would have resulted in an economic benefit to the plaintiff;
2. The defendants knew or should have known of these relationships;
3. The defendants failed to act with reasonable care;
4. The defendants engaged in wrongful conduct;
5. The relationships were disrupted;
6. Plaintiff was harmed;
7. The defendants' wrongful conduct was a substantial factor in causing plaintiff's harm.

### 2. Fraud/Intentional Misrepresentation

Plaintiff claims that defendants made a false representation that harmed it. To establish this allegation, plaintiff must prove all of the following:

1. That defendants represented to plaintiff that a fact was true;
2. That defendants' representation was false;
3. That defendants knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth;
4. That defendants intended that plaintiff rely on the representation;
5. That plaintiff reasonably relied on defendants' representation;
6. That plaintiff was harmed; and
7. That plaintiff's reliance on defendants' representation was a substantial factor in causing its harm.

## XI. Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for

any injury you find was caused by the defendant. You should consider the following:

1. The reasonable value of wages, earnings, and business opportunities lost up to the present time; and

2. The reasonable value of wages, earnings, and business opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### A.   Restitution

If plaintiff proves by a preponderance of the evidence that one or more of the defendants violated the California Unfair Business Practices Act, you must decide whether to award monetary restitution to the plaintiff and the amount of restitution, if any. If you decide to award monetary restitution, it must be limited to money or property that a defendant took from the plaintiff, or money or property in which the plaintiffs had an interest.

### B.   Lost Profits

To recover damages for lost profits, plaintiff must prove that it is reasonably certain it would have earned more profits but for a defendants' breach of the contract. To decide the amount of damages for lost profits, you must:

1. Calculate plaintiff's estimated total profit by determining the gross amount it would have received if the contract had been performed, and then subtracting from that amount the costs, including the value of the labor, materials, rents, and expenses plaintiff would have had if the contract had been performed;

2. Calculate plaintiff's actual profit by determining the gross amount it actually received, and then subtracting from that amount plaintiff's actual costs, including the value of the labor, materials, rents, and expenses; and

3. Subtract plaintiff's actual profit, which you determined in the second step, from its estimated total profit, which you determined in the first step. The resulting

amount is plaintiff's lost profit.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

### C.   Punitive Damages

If you find for the plaintiff on its breach of fiduciary duty or unfair business practices claims, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under California law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish the defendants for harm to anyone other than the plaintiff in this case.

## XII. Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## XIII.   Jury's Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Case No. 15-cv-04066 NC              14

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and will advise the Court that you are ready to return to the courtroom.