1

2

3

4

5

6

7                       UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10    PEPPER, N.A.,

11                    Plaintiff,                  Case No. 15-cv-04066 NC

12          v.                                    **ORDER ON JURY VERDICT**

13    EXPANDI, INC., NETPARTNERING
      LTD.,
14
                      Defendants.
15

16          On May 19, 2016, the jury returned a verdict in this case finding defendant

17    NetPartnering liable to plaintiff for promissory estoppel in the amount of $700,000;

18    common count in the amount of $60,000; and unfair business practices in the amount of

19    $100,000.  Dkt. No. 111.  The jury also found in favor of Epandi Inc. on all counts.  After

20    receiving the jury verdict, the Court asked the parties to submit a stipulated judgment, or to

21    propose competing judgments to resolve the question of whether the Court should award

22    the total sum of the damages award.

23          In plaintiff's additional briefing, plaintiff argues that the Court should award

24    additional damages for unjust enrichment, an equitable claim demanded by plaintiff but

25    not heard by the jury.  Dkt. No. 113-1.  Plaintiff also argues that the jury awards are not

26    duplicative because plaintiff sought up to $2 million in damages, so no one award reflects

27    the full amount of restitution to which plaintiff is entitled.

28          Defendant NetPartnering argues that the unfair competition and common count

Case No. 15-cv-04066 NC

claims are duplicative because both are restitutionary.  Dkt. No. 115.  NetPartnering also argues that plaintiff waived its right to proceed on the unjust enrichment claim by failing to object to the Court's jury instructions and failing to request a finding on the unjust enrichment count.  Dkt. No. 115 at 4.  Finally, NetPartnering challenges the sufficiency of the evidence in the record for the jury to have found liability and damages on all counts.

The Court addresses (1) the effect of the jury's verdict; (2) plaintiff's unjust enrichment claim; (3) whether the damages awards are duplicative; and (4) the Court's conclusion as to the judgment.

First, although no party has objected to presenting equitable claims to a jury, the Court notes that it is entitled under Federal Rule of Civil Procedure 39(c)(2) to "try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right."  "If one party demands a jury, the other parties do not object, and the court orders trial to a jury, this will be regarded as a jury trial by consent."  9 Fed. Prac. & Proc. Civ. § 2333 (3d ed.).  Here, although claims of promissory estoppel and unfair business practices do not have a right to a jury trial, neither party objected to presenting all claims to the jury. *See e.g., Tomlinson Black N. Idaho v. Kirk-Hughes*, 361 F. App'x 712, 713 (9th Cir. 2009)("The district court also did not err by submitting the issue of unjust enrichment to a jury.").

Second, the Court agrees with NetPartnering that plaintiff waived its right to proceed on its unjust enrichment claim by failing to seek a jury instruction and jury determination of unjust enrichment on the verdict form.  Additionally, plaintiff admits that unjust enrichment is a quasi-contract claim seeking restitution.  Dkt. No. 113-1 at 2 (citing *Cal. Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 132 (1992)).  The jury was instructed on restitution and was also instruction on two other quasi-contract claims: promissory estoppel and common count.  Thus, the Court does not find an additional award under the theory of unjust enrichment to be appropriate.

Third, NetPartnering is mistaken as to the basis for the jury's finding on the unfair business practices act claim.  The Court instructed the jury that the claim could be based

United States District Court
Northern District of California

on NetPartnering's breach of fiduciary duty and/or NetPartnering's fraudulent activity. Dkt. No. 107 at 8-9. The jury did not find NetPartnering liable for a breach of fiduciary duty. Instead, the jury found NetPartnering liable under a theory of fraudulent business practices. Thus, the Court finds that the unfair business practices award has a basis for damages separate from the quasi-contract claims. Additionally, no party has presented any persuasive case law to suggest that the promissory estoppel, common count, and unfair business practices act awards are duplicative as a matter of law. Therefore, the Court concludes that they are all remedies available to the plaintiff and that adding the awards together is appropriate.

Finally, the Court agrees with plaintiff that the jury awards may be added together to reach a final verdict against NetPartnering in the amount of $860,000. NetPartnering raises a number of concerns about the evidentiary basis for the jury's determination of liability and damages. The Court finds these arguments are more appropriate for post-trial briefing brought under Rules 59 and 60.

The Court will therefore issue a judgment in a separate document detailing a total damages award against NetPartnering in the amount of $860,000.

**IT IS SO ORDERED.**

Dated: May 31, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge